# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAY ROSS,<br><br>Petitioner,<br><br>v.<br><br>RAUL MORALES,[1]<br><br>Respondent. | Case No. 1:25-cv-01233-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF Nos. 5, 14)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On April 20, 2021, Petitioner was convicted by a jury in the Kern County Superior Court of attempted murder, threatening to commit a crime, discharging a firearm from a motor vehicle, shooting at an inhabited dwelling, and four counts of assault with a semi-automatic weapon. Sentencing enhancement allegations were found true. On August 11, 2021, Petitioner was sentenced to an indeterminate term of life, plus a determinate term of forty-nine years and eight months. (ECF No. 15-1.)

---

[1] Raul Morales is the Warden of California Substance Abuse Treatment Facility and State Prison where Petitioner is housed. Accordingly, Raul Morales is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

1

On June 15, 2023, the California Court of Appeal, Fifth Appellate District, remanded the matter for resentencing under California Penal Code section 1170, as amended by Senate Bill 567. The judgment was affirmed in all other respects. (ECF No. 15-2.) On September 20, 2023, the California Supreme Court denied the petition for review. (ECF No. 15-3, 15-4.)

On October 9, 2024, Petitioner was resentenced to an indeterminate term of life, plus a determinate term of fifty-six years and eight months. (ECF No. 15-5.) On July 8, 2025, the California Court of Appeal affirmed the judgment. (ECF No. 15-6.) Petitioner did not seek review in the California Supreme Court. (ECF No. 14 at 2.[2])

On July 29, 2025, Petitioner commenced the instant proceeding by filing a motion for extension of time to file a petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) The Court denied the motion. (ECF No. 2.) On September 8, 2025, Petitioner filed a petition for writ of habeas corpus. (ECF No. 5.) On September 19, 2025, the matter was transferred to the Fresno Division. (ECF No. 7.)

The petition raises the following claims for relief: (1) ineffective assistance of counsel; (2) sufficiency of the evidence; and (3) violation of Petitioner's Fifth Amendment rights. (ECF No. 5.) On November 24, 2025, Respondent filed a motion to dismiss the petition for nonexhaustion. (ECF No. 14.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

---

[2] Page numbers refer to the ECF pagination stamped at the top of the page.

providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the motion to dismiss, Respondent argues that Petitioner's sole petition filed in the California Supreme Court "did not raise the three claims alleged in the federal petition. Although Petitioner raised an insufficient evidence claim in both his federal petition and his state review petition, the claims did not share the same set of facts." (ECF No. 14 at 3.)

> He argued in his state review petition that there was insufficient evidence that 1) he discharged a firearm from a motor vehicle because that statute required he be in the car, rather than outside it, and 2) he made criminal threats because there was no evidence that he made a verbal threat, and criminal threats require more than hearsay allowed under the prior inconsistent statement exception. (Lod. Doc. 3.) By contrast, Petitioner argued in his federal petition that the evidence was insufficient because the bullet casing found at the scene did not match the firearm introduced at trial, and the prosecution never provided ballistic evidence establishing the firearm was used in the crime.

(ECF No. 14 at 3.)

"[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162–63 (1996). "Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted)). "In order to fulfill exhaustion requirements, a petitioner must present to the state courts the 'substantial equivalent' of the claim presented in federal court." Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007) (quoting Picard, 404 U.S. at 278). "However, a petitioner may provide further facts to support a claim in federal district court, so long as those facts do not 'fundamentally alter the legal claim already considered by the state courts.'" Lopez, 491 F.3d at 1040 (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986)).

As noted by Respondent, (ECF No. 14 at 3), in his petition for review filed in the California Supreme Court, Petitioner challenged: (1) his conviction for discharging a firearm

3

from a motor vehicle on the ground that the statute required he be inside the car rather than outside it; (2) his conviction for criminal threats on the grounds that the statute required a verbal threat, rather than non-verbal conduct, and more than hearsay admitted under the prior inconsistent statement exception. (ECF No. 15-3.) In contrast, in his federal petition, Petitioner asserts the evidence was insufficient to sustain his convictions because "the shell casing at the crime scene does not match the firearm presented to the jury" and the lack of "ballistic forensic evidence linking the firearm to the alleged crime." (ECF No. 1 at 6.)

Here, Petitioner failed to raise his ineffective assistance of counsel and Fifth Amendment claims in his petition for review filed in the California Supreme Court. Additionally, Petitioner did not challenge the sufficiency of the evidence based on the shell casing at the crime scene not matching the firearm presented to the jury and the lack of ballistic forensic evidence linking the firearm to the alleged crime. Accordingly, the Court finds that Petitioner's federal petition for writ of habeas corpus is wholly unexhausted, and the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1).

As Petitioner has not requested to stay the matter pending exhaustion of state judicial remedies, the Court will recommend that the petition be dismissed for nonexhaustion.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 14) be GRANTED; and

2. The petition for writ of habeas corpus (ECF No. 5) be DISMISSED without prejudice for nonexhaustion.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Raul Morales as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 6, 2026**

STANLEY A. BOONE
United States Magistrate Judge

5