**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE ROSS, | No.  1:25-cv-01233 KES SAB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| RAUL MORALES, | |
| Respondent. | |
| | Docs. 5, 14, 17 |

Petitioner Dante Ross is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He raises the following grounds for relief: (1) ineffective assistance of counsel; (2) sufficiency of the evidence; and (3) violation of Petitioner's Fifth Amendment rights.  Doc. 5.  Respondent moved to dismiss the petition, asserting the grounds are unexhausted.  Doc. 14.  Ross did not oppose the motion.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge found that "Petitioner failed to raise his ineffective assistance of counsel and Fifth Amendment claims in his petition for review filed in the California Supreme Court." Doc. 17 at 4.  The magistrate also found that "Petitioner did not challenge the sufficiency of the evidence based on the shell casing at the crime scene not matching the firearm presented to the jury and the lack of ballistic forensic evidence linking the firearm to the alleged crime." *Id.*

1

As a result, the magistrate judge concluded "Petitioner's federal petition for writ of habeas corpus is wholly unexhausted, and the Court cannot proceed to the merits of his claims." *Id.* (citing 28 U.S.C. § 2254(b)(1)).  The magistrate judge recommended the petition be dismissed without prejudice for nonexhaustion.  *Id.* at 4.

On February 6, 2026, the Court served the findings and recommendations on the parties and notified Petitioner that any objections were to be filed within 30 days.  Doc. 17 at 4.  The Court also advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  *Id.* at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).  Petitioner did not file objections, and the time to do so expired.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed this matter de novo. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court must determine whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In the present case, reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further.

///

///

The Court **ORDERS**:

1.   The findings and recommendations issued on February 6, 2026 (Doc. 17) are **ADOPTED** in full.

2.   Respondent's motion to dismiss (Doc. 14) is **GRANTED**.

3.   The petition for writ of habeas corpus (Doc. 5) is **DISMISSED**.

4.   The Clerk of Court is directed to close the case.

5.   The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   April 10, 2026

_____
UNITED STATES DISTRICT JUDGE

3